## APPEAL OF BRYANT & DETWILER CO.

Docket No. 3463. Submitted September 14, 1925. Decided November 12, 1925.

> The taxpayer constructed a building and leased it to a corporation engaged in the production of articles contributing to the prosecution of the war. *Held,* that the taxpayer was not entitled to amortization under the provisions of section 234(a)(8) of the Revenue Act of 1918.

*C. J. McGuire* and *W. A. Bolinger, Esqs.,* for the taxpayer.
*A. R. Marrs, Esq.,* for the Commissioner.

### Before JAMES, LITTLETON, and SMITH.

This is an appeal from the determination of deficiencies in income and profits taxes for the fiscal year ended January 31, 1917, a fiscal period ended December 31, 1918, and the calendar years 1919 and 1920, in the amounts, respectively, of $232.39, $14,050.13, $4,409.11, and $172.33, and an overassessment for the fiscal year ended January 31, 1918, in the amount of $209.70, a net deficiency of $18,654.26. Not all of the deficiencies are in issue.

#### FINDINGS OF FACT.

The taxpayer is a Michigan corporation, organized January 1, 1910, and, prior to the war, was engaged in the business of general contracting. In December, 1915, Ward A. Detwiler and John A. Bryant, the principal stockholders of the taxpayer, organized a corporation under the name of the Ferro Stamping & Manufacturing Co., to engage in the manufacture and sale of automobile body hardware. Detwiler and Bryant were large stockholders of the Ferro Co., but substantially 50 per cent of its stock was owned and controlled by one W. D. Devereaux, not associated with them in the taxpayer company.

During the year 1918 the Ferro Co. became active in war contracts, obtaining two contracts for the manufacture of 5,000,000 cartridge clips and 1,000,000 magazines for automatic pistols.

In order to provide the extra facilities required by the Ferro Co. for the purpose of manufacture under the above-mentioned contracts, the taxpayer erected at its own expense a three-story brick and reinforced-concrete building, at a total cost of $77,362.13, of which the War Department ultimately paid $6,000. The taxpayer leased the building to the Ferro Co. at an annual rental of $13,875, which rental was paid to the taxpayer during the year 1918, and has been so paid continuously to the present time. Soon after the termination of the war the Ferro Co. was temporarily unable to meet its rental payments when due, but all rental was ultimately paid.

In its income-tax returns for the period ended December 31, 1918, and for the years 1919 and 1920, the taxpayer claimed amortization upon the building constructed and leased as above set forth, in the amounts of $31,317.63, $20,878.42, and $10,439.21, and thereafter made claim for amortization in the total amount of the cost of the said building of $71,362.13. The Commissioner denied the taxpayer any deduction on account of amortization of the said building.

Although temporarily out of use after the close of the war, the Ferro Co. has since made full use of the building so constructed. It was not, however, such a type of building as would have been constructed solely for the post-war purposes of the Ferro Co.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

JAMES: The taxpayer constructed and leased a building to another corporation for the purpose of manufacture by that corpora‚ tion of articles contributing to the prosecution of the war. It received an agreed rental for the use of its facilities, has continued to receive that rental up to the present time, and, since the period of readjustment subsequent to the war, the building and facilities have been in constant use by the lessee.

The taxpayer is certainly in no better situation than was the taxpayer in the *Appeal of Moore Investment Co.*, 2 B. T. A. 579. Little can be added to the reasoning set forth therein, and the determination of the Commissioner in this appeal must be approved upon the authority of that decision.